## First Pennsylvania Savings Association v. Wilcap Investment Ltd.

*Alden Earl Brown,* for plaintiff.
*John A. Caputo,* for defendants.

KIESTER, *S.J.,* October 16, 1992—

### PETITION UNDER THE PENNSYLVANIA DEFICIENCY JUDGMENT ACT

On December 8, 1987, plaintiff filed a complaint in mortgage foreclosure captioned First Pennsylvania Savings Association v. Wilcap Investments Ltd., June Baum, and Ellwood City Federal Savings & Loan Association.

The complaint refers only to defendant in the singular as Wilcap Investments Ltd. The 7th paragraph recites Guy, Caputo and Lorey as shareholders of defendant. The third paragraph states:

"Third: That defendant, by its mortgage instrument of April 18, 1986 (Exhibit 'A') and note of even date therewith (Exhibit 'B') was obligated to plaintiff in the sum of $825,000 with interest thereon at the rate of 11 percent per annum."

The concluding paragraph reads:

"Wherefore, the plaintiff brings the within action of mortgage foreclosure pursuant to the authority granted under Exhibits 'A' and 'B' attached hereto."

Exhibit "B" attached to the complaint is a note for $825,000 executed by Wilcap, Guy, Caputo and Lorey.

The caption of this "action in mortgage foreclosure" is as originally stated and as heretofore set forth. It remains unchanged.

A hearing on the petition of First Pennsylvania Savings Association, plaintiff was scheduled for September 29, 1992. The hearing was on plaintiff's petition to determine fair market value pursuant to Deficiency Judgment Act. Defendants filed an answer and new matter. By agreement of counsel the court heard oral argument on the legal issue raised by the pleadings and granted counsel until October 12th to file additional authority in support of their respective positions.

The agreement of counsel is set forth in the September 29, 1992, stipulation and order of court which is as follows:

"(1) A determination needs to be made as to whether the record in the case establishes that the settlement and orders of this court resulted in there being an in rem judgment only against Wilcap Investments Ltd. or whether there was both an in rem and in personam judgment against either Wilcap Investments Ltd. or against Wilcap Investments Ltd. and the individuals who executed the judgment note.

"(2) If the determination made on the first issue that there is only an in rem judgment or that it is only an in personam judgment against Wilcap Investments, Lim-

ited, whether, then, the conveyance of the subject real estate by Wilcap Investments Ltd. to First Pennsylvania Savings Association is a sale to the judgment creditor in execution proceedings as required by the Deficiency Judgment Act, 42 Pa.C.S. §8103(a) or whether it is a conveyance outside of the meaning of those express words."

This mortgage foreclosure action was consolidated with other actions filed at A.D. no. 87-889 and A.D. no. 88-004. Settlement negotiations were conducted between the parties/counsel on October 4, 1991, which resulted in agreements. The settlement was approved by the court. The transcript of that settlement agreement as part of a pre-trial conference is 19 pages in length. The part of the settlement relevant to this proceeding is as follows:

"The other aspects of the settlement involve the foreclosure action filed by First Pennsylvania Savings Association against Wilcap Investments Ltd., June P. Baum, Ellwood Federal Savings & Loan Association. That action has also settled upon the events of the first half of this settlement being successfully completed so that the title is cleared and is insured and that all releases, transfers, have been completed:

"And assuming that is accomplished, then First Pennsylvania Savings Association has agreed to accept in payment of all outstanding obligations on its mortgage owed by Wilcap Investments Inc., the sum of $750,000, which is to be paid pursuant to certain terms which I will attempt to subsequently outline.

"It is understood as part of this settlement that in the event that payment is not made by January 15, 1992,

that this court as part of its order and decision of that foreclosure action, will grant the foreclosure and order the delivery of a deed transferring the property to First Pennsylvania Savings Association.

"It is understood that in the event that payment is not made on that date that First Pennsylvania Savings Association will receive that property but is waiving, relinquishing, giving up, any rights that it would have to pursue a deficiency judgment over the above amount of $750,000. That does not mean that if it has been made partially on the $750,000 that they are giving up their right to collect up to that total against either Wilcap Investment Ltd., or where there are personal guarantees, against those individuals who have provided that guarantee."

*(Discussion held off the record.)*

*The court*: "Counsel present stipulate and agree that this is an understanding and agreement and—"

*Mr. Caputo*: "Correct." (October 4, 1991, transcript, p. 8-10.)

At the hearing June 12, 1992 of the consolidated actions a petition was presented by First Pennsylvania Savings Association to enforce the settlement with Wilcap Investments Ltd.

*The court*: "Well, take this order then, at the time of presentation of the motion of First Pennsylvania Savings Association to enforce the settlement, the court heard the arguments of counsel and it is hereby ordered that Wilcap Investments Ltd. deliver to First Pennsylvania Savings Association a deed for the property identified as

Condominium B, Units 9 through 18 excluding 15." (Transcript p. 32, line 11-25; p. 33, line 1.)

"Add this then, this order is in lieu of First Pennsylvania proceeding with the foreclosure action." (Transcript p. 33, line 24; p. 34, line 1.)

"The conveyance of the property is without prejudice to other rights of First Pennsylvania Savings Association set forth in the stipulation and order of October 4, 1991...." (Transcript p. 34, line 10-24.)

"It is further ordered that judgment be entered in favor of First Pennsylvania Savings Association and against Wilcap Investments Ltd., in the amount of $750,000." (Transcript p. 40, line 11-16).

In accordance with the foregoing, judgment was entered on May 14, 1992, at CP no. 92-705 in favor of plaintiff and against defendant Wilcap Investments Ltd. in the amount of $750,000.

## ISSUE

Are the "respondents" other than Wilcap Investments Ltd. to wit Philip Lorey, Patricia Lorey, Richard P. Caputo and Wilbur Guy proper parties under the rules and the law to determine the fair market value of the mortgaged property under the Pennsylvania Deficiency Judgment Act, 42 Pa.C.S. §8103 et seq.?

## LAW

The law provides:

"(a) *General rule*—Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has

been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered." 42 Pa.C.S. §8103(a) et seq.

## DISCUSSION

The Deficiency Judgment Act applies whenever real property has been sold in execution for less than the amount of the judgment, interests and costs.

The facts of this case establish that the Loreys, Caputo and Guy were guarantors of the loan to plaintiff/petitioner. Wilcap Investments Ltd. was the owner and mortgagor. On April 18, 1986, the date of the mortgage the Loreys, Caputo and Guy joined Wilcap Investments Ltd. in executing a note to the mortgage for $825,000, the amount of the mortgage obligation.

The Loreys, Caputo and Guy were not defendants in the action in mortgage foreclosure. Their obligation to the mortgagee is personal.

## CONCLUSIONS

In this case the record establishes that the mortgage foreclosure action resulted in an in rem judgment and in personam judgment against Wilcap Investments Ltd. The proceedings have not resulted in an in personam judgment against the Loreys, Caputo and Guy. There

has been a re-affirmation of their obligation guaranteeing the indebtedness of Wilcap Investments Ltd.

The conveyance of the real estate to First Pennsylvania Savings Association had as its purpose the avoidance of the costs of a sheriff's sale. It did not constitute a sale to First Pennsylvania Savings Association under the provisions of the Pennsylvania Deficiency Judgment Act. For the reasons stated the petition under that Act will be denied.

## ORDER OF COURT

And now, October 16, 1992, the petition of First Pennsylvania Savings Association under the Pennsylvania Deficiency Judgment Act is denied.